IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| D.C. Teachers' Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>L.F. Jennings, Inc., JSF 2nd Street NE CMPI, LLC and JSF Management, LLC,<br><br>Defendants. | Civil Action No.: 19-cv-01126 (JEB) |

**JSF MANAGEMENT, LLC'S ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIM AGAINST L.F. JENNINGS, INC.**

Defendant JSF Management, LLC ("JSF Management" or "Defendant"), by and through its undersigned counsel, Alston & Bird LLP, hereby submits this Answer to the Amended Complaint and Cross-Claim against Defendant L.F. Jennings, Inc. pursuant to Rule 13(g), FRCP. In Answer to the Amended Complaint, Defendant states as follows:

1. In response to the allegations of Paragraph 1 of the Amended Complaint, JSF Management denies that any claim, cause of action or damage alleged by Plaintiff was caused by conduct of JSF Management. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Amended Complaint and, therefore, denies the same.

2. In response to the allegations of Paragraph 2 of the Amended Complaint, JSF Management admits that that this court has jurisdiction over the parties and subject matter of this dispute, but denies the remaining allegations of Paragraph 2.

3. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint and, therefore, denies the same.

4. JSF Management admits the allegations of Paragraph 4 of the Amended Complaint upon information and belief.

5. Admitted.

6. Admitted.

7. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint and, therefore, denies the same.

8. Denied. Responding further, JSF Management states that it is the Project Manager for JSF 2nd Street NE CMPI, LLC ("JSF 2nd Street"), the owner of real property and the improvements thereon located at 5650 and 5600 2nd Street NE, Washington, D.C. 20011, including the Fort Totten Storage Center constructed thereon (the "Project"), and, in that capacity, JSF Management entered into a written construction contract (the "Construction Contract") with L.F. Jennings, Inc., as the general contractor ("Contractor" or "L.F. Jennings"), to construct the Project.

9. Denied. Responding further, JSF Management states that L.F. Jennings constructed the Project pursuant to the Construction Contract with JSF Management.

10. Paragraph 10 of the Amended Complaint states a legal conclusion to which no response is required. To the extent further response is required, Paragraph 10 is denied.

11. Paragraph 11 of the Amended Complaint states a legal conclusion to which no response is required. To the extent further response is required, Paragraph 11 is denied.

12. In response to the allegations of Paragraph 12 of the Amended Complaint, JSF Management denies that it constructed the Project. JSF Management admits only that L.F. Jennings constructed the Project and that, upon information and belief, L.F. Jennings commenced construction on or about June 26, 2017.

13. Paragraph 13 of the Amended Complaint states a legal conclusion to which no response is required. To the extent further response is required, Paragraph 13 is denied.

14. In response to the allegations of Paragraph 14 of the Amended Complaint, JSF Management craves reference to the official District of Columbia Municipal Regulations ("DCMR") cited in Paragraph 14, and JSF Management admits the allegations of Paragraph 14 only to the extent such allegations are consistent with the official DCMR.

15. Denied.

16. Denied.

17. Denied.

18. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint and, therefore, denies the same.

19. JSF Management admits that Plaintiff informed Randy Jones, who was acting on behalf of JSF Management, that Plaintiff had experienced water intrusion at its building in August 2017. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the Amended Complaint and, therefore, denies the same.

20. Denied. Responding further, JSF Management states that Plaintiff met with Randy Jones, who was acting on behalf of JSF Management, on August 8 and/or 9, 2017.

21. In response to the allegations of Paragraph 21 of the Amended Complaint, JSF Management admits, upon information and belief, that L.F. Jennings had a third party, Building Envelope Consultants and Scientists, LLC, provide a written condition assessment of the Plaintiff's property and other property in and around the Project site on or about July 25, 2017 (the "Condition Assessment"). Responding further, JSF Management craves reference to the Condition Assessment and admits the allegations of Paragraph 21 concerning the content of the Condition Assessment only to the extent such allegations are consistent with the Condition Assessment.

22. In response to the allegations of Paragraph 22 of the Amended Complaint, JSF Management craves reference to the Condition Assessment and admits the allegations of Paragraph 22 concerning the content of the Condition Assessment only to the extent such allegations are consistent with the Condition Assessment.

23. In response to the allegations of Paragraph 23 of the Amended Complaint, JSF Management admits only that Plaintiff continued to communicate with Randy Jones, who was acting on behalf of JSF Management, concerning the Plaintiff continuing to experience water intrusion at its building. JSF Management denies the remaining allegations of Paragraph 23.

24. In response to the allegations of Paragraph 24 of the Amended Complaint, JSF Management admits only that Plaintiff communicated with Randy Jones, who was acting on behalf of JSF Management, concerning the Plaintiff continuing to experience water intrusion at its building. JSF Management denies the remaining allegations of Paragraph 24.

25. In response to the allegations of Paragraph 25 of the Amended Complaint, JSF Management admits only that Plaintiff communicated with Randy Jones, who was acting on behalf of JSF Management, concerning the Plaintiff continuing to experience water intrusion at its building. JSF Management denies the remaining allegations of Paragraph 25.

26. Denied.

27. Responding to the allegations of Paragraph 27 of the Amended Complaint, JSF Management denies that Plaintiff sought redress from JSF Management. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Amended Complaint and, therefore, denies the same.

28. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint and, therefore, denies the same.

29. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Amended Complaint and, therefore, denies the same.

30. Responding to the allegations of Paragraph 30 of the Amended Complaint, JSF Management incorporates its admissions, denials and responses set forth herein.

31. Denied.

32. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint and, therefore, denies the same.

33. Denied.

34. Denied.

35. Responding to the allegations of Paragraph 35 of the Amended Complaint, JSF Management incorporates its admissions, denials and responses set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Responding to the allegations of Paragraph 40 of the Amended Complaint, JSF Management incorporates its admissions, denials and responses set forth herein.

41. Denied.

42. Denied.

43. Denied.

44. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Amended Complaint and, therefore, denies the same.

45. JSF Management denies the allegations of Paragraph 45 of the Amended Complaint to the extent such allegations pertain to JSF Management. JSF Management lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Amended Complaint to the extent such allegations pertain to others and, therefore, denies the same.

46. In response to the Prayer for Relief following Paragraph 45 of the Amended Complaint, JSF Management denies that Plaintiff is entitled to or should be granted any such relief as against JSF Management.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (*Failure to State a Claim*)

1. JSF Management incorporates its admissions, denials and responses set forth herein. The Amended Complaint fails to state facts sufficient to constitute a claim against JSF Management.

**SECOND DEFENSE**
**(*Contributory or Comparative Negligence*)**

2. JSF Management incorporates its admissions, denials and responses set forth herein. Plaintiff's claims against JSF Management should be barred, in whole or in part, due to Plaintiff's comparative or contributory negligence.

**CROSS-CLAIM AGAINST DEFENDANT L.F. JENNINGS**

1. JSF Management incorporates its admissions, denials and responses set forth herein.

2. JSF Management denies that there is any factual or legal basis for any claims, causes of action or damages alleged against it by Plaintiff in this action. However, and subject to the foregoing, if and to the extent JSF Management is held to be liable to Plaintiff for some or all of the damages alleged by Plaintiff in this action, such liability is due, in whole or in part, to the negligent and wrongful acts or omissions of L.F. Jennings in the construction of the Project.

3. L.F. Jennings is obligated, under the terms of the Construction Contract between JSF Management and L.F. Jennings, to indemnify and hold harmless JSF Management from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from construction of the Project by L.F. Jennings, including injury to or destruction of tangible property such as that alleged by Plaintiff in this action, to the extent caused by the negligent acts or omissions of L.F. Jennings, its subcontractors, and anyone directly or indirectly employed by them or anyone for whose acts they may be liable.

4. L.F. Jennings has a special relationship with JSF Management by virtue of its undertaking to construct the Project for JSF Management.

5. As a consequence of such special relationship, L.F. Jennings owes a duty of care to JSF Management in connection with the construction of the Project and further owes JSF

Management an equitable duty to indemnify and hold harmless JSF Management from claims, damages, losses and expenses which may be incurred by JSF Management as a result of the negligent and wrongful acts or omission of L.F. Jennings.

6. To the extent, if any, that JSF Management is held liable to Plaintiff in this action for any of the claims, causes of action or damages alleged in the Amended Complaint, JSF Management is entitled to be indemnified by L.F. Jennings for all such damages and liability in accordance with the applicable terms of the Construction Contract, common law and/or principles of equity.

7. L.F. Jennings' failure to so indemnify JSF Management shall constitute a breach of the Construction Contract, for which JSF Management is entitled to recover all damages it incurs as a result of such breach.

8. JSF Management is also entitled to recover from L.F. Jennings its expenses of this litigation, including attorneys' fees, incurred in the defense of Plaintiff's claims and in the pursuit of JSF Management's claims against L.F. Jennings, pursuant to the terms of the Construction Contract.

JSF Management reserves its right to amend its Answer to assert additional defenses as may be determined to apply to the Plaintiff's claims.

**WHEREFORE**, having fully answered the Amended Complaint herein, JSF Management prays as follows:

1. That all claims asserted against JSF Management be dismissed, with prejudice;
2. In the alternative, that JSF Management be awarded judgment in its favor on all claims asserted against it by Plaintiff;

3. That JSF Management be granted judgment in its favor and against Defendant L.F. Jennings on JSF Management's Cross-Claim for any and all damages (if any) awarded to Plaintiff against JSF Management in this action;
4. That JSF Management be awarded its costs and expenses, including attorneys' fees, incurred in the defense of this action and in the pursuit of its Cross-Claim in this action; and
5. For such other and further relief as this court deems just and proper.

Respectfully submitted,

ALSTON & BIRD LLP

Debolina Das

Debolina Das (D.C. Bar # 1510783)
950 F St. NW
Washington, D.C. 20004
Phone: 202-239-3728
debolina.das@alston.com

*Attorneys for Defendant JSF Management, LLC*

Dated: May 30, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer and Cross-Claim was electronically served to counsel of record for Plaintiff and Defendant L.F. Jennings, Inc. via the Court's electronic filing system on this 30th day of May, 2019.

Debolina Das

Debolina Das, Esq.