# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DC TEACHERS' FEDERAL CREDIT UNION, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) )  Civil Action No. 19-cv-01126 (JEB) |
| JSF 2nd STREET NE CMPI, LLC, and JSF MANAGEMENT, LLC | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| BOHLER ENGINEERING VA, PLLC | ) ) |
| Third-Party Defendant | ) |

## BOHLER ENGINEERING VA, PLLC'S ANSWER AND COUNTERCLAIM

Third-Party Defendant Bohler Engineering VA, PLLC ("Bohler"), by counsel, states as follows for its Answer and Counterclaim to the Third-Party Complaint (ECF 21):

### Answer

1. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

2. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

3. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

4. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

1

5. Denied. Third-party plaintiffs appear to have alleged the corporate information of a nonparty, Bohler Engineering NC, PLLC. If third-party plaintiffs intended to name Bohler Engineering VA, *LLC* (not PLLC) as a party, then Bohler admits that it is a Virginia limited liability company, but Bohler avers that its principal place of business is in Herndon, Virginia. Bohler avers that "Bohler DC, LLC" is the Bohler entity that provided civil engineering design services for the Project, and Bohler's Answer responds to the Third-Party Complaint as if the allegations had been asserted against Bohler DC, LLC.

6. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

7. Bohler does not challenge subject matter jurisdiction at this time.

8. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

9. Admitted. Bohler avers that the Contract also included subsequent addenda.

10. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

11. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

12. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

13. The Contract speaks for itself, and Bohler denies any allegations inconsistent with the Contract.

14. Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

15.   Denied. Bohler avers that its obligations to JSF 2nd Street, including its professional standard of care, were contract terms governed by the Contract, which speaks for itself.

16.   The First Amended Complaint speaks for itself, and Bohler denies any summary of Plaintiff's allegations that is inconsistent with the First Amended Complaint.

17.   Admitted.

18.   The First Amended Complaint speaks for itself, and Bohler denies any summary of Plaintiff's allegations that is inconsistent with the First Amended Complaint.

19.   Bohler admits that it provided some civil engineering services for the Project. Bohler lacks information sufficient to admit or deny the remaining allegations, and Bohler therefore denies them and demands strict proof thereof.

20.   Bohler lacks information sufficient to admit or deny these allegations, and Bohler therefore denies them and demands strict proof thereof.

21.   This paragraph alleges legal conclusions to which no response is required, and Bohler denies that it is liable or has caused harm to any party in this action.

22.   This paragraph alleges legal conclusions to which no response is required, and Bohler denies that it is liable or has caused harm to any party in this action.

First Cause of Action

23.   Bohler incorporates its responses to paragraphs 1-22 by reference as if stated here.

24.   The Contract speaks for itself, and Bohler denies any allegations inconsistent with the Contract.

25.   Plaintiff's allegations are stated in the First Amended Complaint, and Bohler denies any summary of those allegations that is inconsistent with the First Amended Complaint.

26. The Contract speaks for itself, and Bohler denies any allegations inconsistent with the Contract. Bohler denies any "negligent acts or omissions" in its services.

27. Denied.

28. Denied.

## Second Cause of Action

29. Bohler incorporates its responses to paragraphs 1-28 by reference as if stated here.

30. The Contract speaks for itself, and Bohler denies any allegations inconsistent with the Contract.

31. Denied.

32. Bohler's duties to JSF 2nd Street are defined by the Contract. Bohler denies the remaining allegations, including any allegations inconsistent with the Contract.

33. Denied.

## Third Cause of Action

34. Bohler incorporates its responses to paragraphs 1-33 by reference as if stated here.

35. Bohler lacks information sufficient to admit or deny these allegations.

36. Plaintiff's allegations are stated in the First Amended Complaint, and Bohler denies any summary of those allegations that is inconsistent with the First Amended Complaint.

37. Bohler lacks information sufficient to admit or deny these allegations.

## Fourth Cause of Action

38. Bohler incorporates its responses to paragraphs 1-37 by reference as if stated here.

39. Bohler lacks information sufficient to admit or deny these allegations.

40. Bohler lacks information sufficient to admit or deny these allegations.

41. Bohler lacks information sufficient to admit or deny these allegations.

### Fifth Cause of Action

42.     Bohler incorporates its responses to paragraphs 1-41 by reference as if stated here.

43.     Denied.

44.     Denied.

45.     Denied.

### Sixth Cause of Action

46.     Bohler incorporates its responses to paragraphs 1-45 by reference as if stated here.

47.     Bohler lacks information sufficient to admit or deny these allegations.

48.     Bohler lacks information sufficient to admit or deny these allegations.

49.     Bohler lacks information sufficient to admit or deny these allegations.

### **Affirmative Defenses**

50.     The Fifth Cause of Action failed to state a claim upon which relief can be granted, as stated in Bohler's Motion to Dismiss.

51.     Bohler reserves the right to amend and state additional affirmative defenses that are supported by discovery in this litigation.

### **Counterclaim**

52.     Bohler incorporates by reference the preceding paragraphs 1-51.

53.     This Counterclaim arises out of the same transaction that is the subject matter of the Third-Party Complaint.

54.     The Third-Party Complaint invoked Bohler's Contract, which is attached to this Counterclaim as Exhibit A.

55. The indemnification term of the Contract, which was referenced by paragraph 30 of the Third-Party Complaint, requires JSF 2nd Street NE CMPI, LLC to indemnify and hold harmless Bohler as follows:

    a. "To the fullest exten[t] permitted by law, [JSF 2nd Street] agrees to indemnify and hold harmless [Bohler], including its owners, officers, directors, partners, members, affiliates and employees, from and against costs, losses, injuries and damages (including but not limited to reasonable fees and charges or engineers, attorneys, and other professionals, and reasonable court or arbitration or other dispute resolution costs, including attorneys' fees) caused solely by the negligent acts or omissions of [JSF 2nd Street] or [JSF 2nd Street's] officers, directors, partners, employees, and consultants in the performance of the Contract."

56. To the extent JSF 2nd Street or any of its officers, directors, partners, employees, or consultants (such as PBA) are found to have caused the damages at issue in this litigation, Bohler is entitled to be indemnified and held harmless by JSF 2nd Street.

57. The Contract also included an attorneys' fees provision, stating:

    a. "The prevailing party in arbitration or litigation shall be entitled to recover its expenses of arbitration or litigation, including reasonable attorneys' fees, reasonable compensation for staff time, costs, and other claim-related expenses, in addition to all other damages, if any, which may be awarded to the prevailing party.  As used herein, the 'prevailing party' may be the party prosecuting claims or defending claims (or both) arising out of or relating to the Contract or the breach thereof."

58. If Bohler prevails in its defense of JSF 2nd Street's Third-Party Complaint, Bohler is entitled to recover from JSF 2nd Street its claim-related expenses, including but not limited to the attorneys' fees and costs incurred in its defense.

## **Jury Demand**

59. Bohler demands a trial by jury for all issues so triable.

WHEREFORE, for the foregoing reasons, Bohler respectfully requests that Court enter judgment in Bohler's favor, and that the Court award Bohler all of its claim-related expenses (including attorneys' fees and costs) and grant Bohler any other relief it deems appropriate.

Respectfully submitted,

BOHLER ENGINEERING VA, PLLC

By: /s/ Stephan F. Andrews
 Counsel

Stephan F. Andrews (DC Bar 497228)
J. Brandon Sieg (DC Bar 208832) (D.D.C. application pending)
VANDEVENTER BLACK LLP
Riverfront Plaza – West Tower
901 E. Byrd Street, Suite 1600
Richmond, VA 23219
Phone: (804) 237-8800
Fax: (804) 237-8801
sandrews@vanblacklaw.com
bsieg@vanblacklaw.com
*Counsel for Bohler Engineering Va, PLLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of July, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

Debolina Das
Alston & Bird, LLP
950 F. St. NW
Washington, D.C. 20004
Phone: 202-239-3728
debolina.das@alston.com
*Counsel for JSF 2nd Street NE CMPI, LLC; and JSF Management, LLC*

Curtis Aaron Boykin
Tram T. Pham
Douglas & Boykin PLLC
1850 M Street NW
Suite 640
Washington, D.C. 20036
Phone: 202-776-0370
Fax:     202-776-0975
caboykin@douglasboykin.com
tpham@douglasboykin.com
*Counsel for D.C. Teachers' Federal Credit Union*

Beth Patricia Evans
Brian S. Goodman
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202
Phone: 410-752-6030
bevans@kg-law.com
*Counsel for L.F. Jennings, Inc.*

                                               /s/ Stephan F. Andrews

4817-4935-7723, v. 1